UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAYE ELLEBY,

                      Plaintiff,

        -against-

ANTHONY BLINKEN,

                      Defendant.

24-CV-7932 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Taye Elleby, who is currently incarcerated at the Cape Vincent Correctional Facility pursuant a New York state-court conviction, brings this *pro se* action, which he styles as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. For the reasons set forth below, the Court construes Elleby's submission as a civil action brought under 8 U.S.C. § 1503, a statutory provision that provides a cause of action for an individual to seek a declaration of United States citizenship, and dismisses the complaint because Elleby is barred under the "three strikes" provision of the Prison Reform Litigation Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new civil action *in forma pauperis* ("IFP") while he is a prisoner.

A.    **Elleby's submission is not a petition for a writ of *habeas corpus***

      Elleby styles his submission as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In the Second Circuit, federal prisoners challenging the conditions of their confinement and seeking injunctive relief may do so in a petition brought under Section 2241. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *Ilina v. Zickefoose*, 591 F. Supp. 2d 145, 150 (D. Conn. 2008) (noting

that "the Second Circuit has repeatedly and consistently held § 2241 to be a proper vehicle for asserting conditions-of-confinement claims, without limitation").

Here, Elleby styles his submission as a Section 2241 petition, but nothing in his submission suggests that he is seeking *habeas corpus* relief under Section 2241. As an initial matter, Elleby is not a federal prisoner; he is incarcerated based on a conviction in New York State court. Nor does he allege that he is in custody in violation of the Constitution or laws of the United States or that he is challenging his present conditions of confinement, such as the adequacy of medical care, that can be remedied through appropriate injunctive relief. *See Choinski*, 525 F.3d at 209 (observing that "[t]his court has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, 'including such matters as the administration of parole, . . . prison disciplinary actions, prison transfer, type of detention and prison conditions.'" (citation omitted)). Elleby instead states that he is seeking, pursuant to 8 U.S.C. § 1503(b), a certificate of nationality from United States Secretary of State Anthony Blinken.[1] (ECF 1, at 2.) Because Elleby does not allege that he is in federal custody in violation of the Constitution or laws of the United States, or seek relief from alleged constitutional injuries that can be alleviated though *habeas corpus* relief, his submission is not properly characterized as a Section 2241 petition. Elleby's submission is properly construed as a civil action brought under 8 U.S.C. § 1503.

---

[1] Elleby also suggests that he may be seeking mandamus relief. (*See* ECF 1, at 3.) Mandamus, however, is not an appropriate avenue for relief when there is another avenue available, and numerous courts have held that mandamus relief is not available when Section 1503 is available. *See Zaidan v. Tillerson*, No. 17-CV-3604, 2018 WL 3769966, at *2 (E.D.N.Y. Aug. 9, 2018) ("'[T]he alternative of a judicial declaration of nationality under 8 U.S.C. § 1503 is more than adequate to provide [a plaintiff] all the relief he has sought by mandamus.'" (quoting *Cartier v. Sec'y of State*, 506 F.2d 191, 199 (D.C. Cir. 1974) and listing cases).

**B.    Elleby is barred from proceeding IFP**

Because Elleby did not pay the filing fees for this action or submit an IFP application, the Court assumes that he is seeking to proceed IFP. Plaintiff, however, is barred under the "three strikes" provision of the PLRA, 28 U.S.C. § 1915(g), from filing any new action IFP while he is a prisoner. *See Elleby v. Arresting Officers*, No. 16-CV-3675 (CM) (S.D.N.Y. Nov. 21, 2016).[2] Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Elleby has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[3] Instead, Elleby seeks a certificate of nationality from the Secretary of State. He is therefore barred from filing this action IFP.

## CONCLUSION

The Court dismisses the complaint without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[4] Elleby remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[5] *Id.*

---

[2] The Court has conducted an independent review of Plaintiff's dismissals, *see Escalera v. Samaritan Vill.*, 938 F.3d 380, 381-82, and identified the following three strikes: *Elleby v. Martucello*, No. 16-CV-1335 (N.D.N.Y. Aug. 9, 2018) (dismissing the complaint, filed while Elleby was a prisoner, for failure to state a claim on which relief may be granted), *report & recommendation adopted*, ECF 47; *Elleby v. City of New York*, No. 16-CV-0970 (LAP) (S.D.N.Y. Feb. 26, 2016) (dismissing the complaint, filed while Elleby was a prisoner, for failure to state a claim on which relief may be granted and as frivolous); *Elleby v. New York Post*, No. 14-CV-1323 (LAP) (S.D.N.Y. Apr. 28, 2014) (dismissing the complaint, filed while Elleby was a prisoner, for failure to state a claim on which relief may be granted).

[3] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[4] Elleby may commence a new action by paying the filing fees. If he does so, that

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   November 6, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[5] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).