UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAYE ELLEBY,

                Plaintiff,

        -against-

ANTHONY BLINKEN,

                Defendant.

24-CV-7932 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is currently incarcerated at the Cape Vincent Correctional Facility, brings this action *pro se*. By order dated November 6, 2024, the Court dismissed the complaint because Plaintiff is barred under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing any new action *in forma pauperis* ("IFP") while he is a prisoner.[1] (ECF 3.) In its order, the Court stated that Plaintiff may bring a new action by paying the filing fees. (*Id.* at 3-4 n.4.)

       On November 22, 2024, the Court received from Plaintiff a "Motion to Proceed and Notice of Acceptance with Payment/Discharge." (ECF 5, at 1.) In the motion, Plaintiff requests that the Court reopen this action and permit him to pay the fees using a handwritten "promissory note" which Plaintiff attaches to the motion and which he asserts is "as good as cash." (*Id.*; *see id.* at 3 ("promissory note" promising to pay $400.00 to the court "9 months after date without grace/on 8-18-25 on demand . . . with interest at the rate to 7% annually").)

       The Court denies the motion. While Plaintiff may refile this action by paying the $405.00 in fees required to bring a civil action in this court, his "promissory note" is not a valid form of

---

[1] Because Plaintiff did not pay the filing fees, the Court understood him to be seeking to proceed IFP.

payment. Payment of the fees by mail must be made by money order or certified check and be made payable to: Clerk, USDC, SDNY. Personal checks are not accepted. Payment of the fees also can be made in person at the courthouse by credit card, money order, certified check, or cash.

## CONCLUSION

The Court denies Plaintiff's motion. (ECF 5.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 26, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                            Chief United States District Judge